IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PITTSBURGH, a Pennsylvania Second Class City and Home Rule Municipality, by its Treasurer,<br><br>   Plaintiff,<br><br>  v.<br><br>UPMC, a Pennsylvania Nonprofit, Non-Stock Corporation,<br><br>   Defendant. | No. 2:13-cv-00565-JFC<br><br>*JURY TRIAL DEMANDED* |

## AMENDED COMPLAINT

Plaintiff, CITY OF PITTSBURGH, by its Treasurer (hereinafter "The City"), by and through its undersigned attorneys, files the following Amended Complaint as a matter of right under F.R.C.P. 15(a) and without prejudice to its pending motion to remand, and, in support thereof, avers the following:

**Parties and Venue**

1. The City is a Second Class City and Home Rule Municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania. The City's principal place of business is located at the City-County Building, 414 Grant Street, Pittsburgh, PA 15219.

2. Defendant, UPMC ("UPMC"), is a Pennsylvania nonprofit, non-stock corporation with a registered office address at 200 Lothrop Street, Pittsburgh, PA 15213, and a principal place of business located at 600 Grant Street, Pittsburgh, PA 15219.

3. UPMC is a $10 billion integrated global health enterprise, headquartered in The City, with more than 50,000 employees, tens of thousands of whom work in The City. It employs over 3,000 physicians at more than 20 hospitals, 400 doctors' offices and outpatient sites, a 1.8-million-member health insurance division, and international and commercial ventures. Internationally, UPMC has facilities and/or services in Ireland, Italy, Great Britain, Qatar, Kazakhstan, Singapore, China, Japan and Cypress.

4. Among dozens of entities owned and/or controlled by UPMC are for-profit enterprises such as Lillian S. Kaufmann Medical Office Building Associates, Core Network LLC, Life Home Care LP, Chartwell PA LP, McPharmacy Central Inc., Children's Community Care, UPMC Holding Company, Inc., Forbes Reinsurance Company, Askesis Development Group Inc., and Prodigo Solutions. It is believed that UPMC's for-profit enterprises generate hundreds of millions of dollars of annual revenue.

5. This action is filed pursuant to Pa.R.C.P. 1001 and 1602 and the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. § 7531, et. seq.

6. Venue properly lies in this court pursuant to Pa.R.C.P 1006(a)(1), because the Defendant may be served in Allegheny County and the transaction or occurrences giving rise to the cause of action asserted herein arose in Allegheny County.

### The City's Payroll Tax Ordinance

7. Pursuant to Section 303 of the Local Tax Enabling Act ("LTEA"), 53 P.S. §6924.303, The City enacted by ordinance (Ordinance No. 18, approved December 29, 2004) a Payroll Tax, effective January 1, 2005 ("The Ordinance"), which has been codified as Chapter 258 of the Pittsburgh Code ("The Code"), a copy of which Chapter was attached to the original Complaint as Exhibit "A."

8.      As set forth in Section 258.02 of The Code, the Payroll Tax is levied at the rate of fifty-five hundredths (.55) of one percent on the amount of payroll expense generated as a result of an employer conducting business activity within the City.

9.      Pursuant to Section 201.02 of The Code, it is the duty of the Treasurer to collect and receive all taxes levied by The City, including the Payroll Tax.

10.     As required by the LTEA, Section 258.03(d) of The Code provides that "Institutions of Purely Public Charity ("IPPC) must calculate the tax which would otherwise be attributable to The City, but only requires that such institutions pay the tax on that portion of payroll expenses attributable to business activity for which a tax may be imposed pursuant to Section 511 of the Internal Revenue Code.

11.     The Code requires employers to register with the City (Section 258.05) and to file quarterly returns (Section 258.06).

## Institutions of Purely Public Charity

12.     The Pennsylvania Constitution, Article VIII, Section 2, provides in pertinent part that "the General Assembly may by law exempt from taxation . . . (v) Institutions of Purely Public Charity".  Section 5 of Article VIII provides that "All laws exempting property from taxation, other than the property above enumerated, shall be void."

13.     The Pennsylvania Supreme Court recently reaffirmed that whether an entity is an IPPC depends on the entity's satisfaction of the 5-factor conjunctive test announced in *Hospital Utilization Project v. Commonwealth*, 487 A.2d 1306 (Pa. 1985), popularly known as the "HUP Test."  *Mesivtah Eitz Chaim of Bobov, Inc. v. Pike County Board of Assessment Appeals*, 44 A.3d 3(Pa. 2012).

14. Under the "HUP Test," an organization must establish that it does all of the following to qualify as an IPPC: (i) advances a charitable purpose; (ii) donates or renders gratuitously a substantial portion of its services; (iii) benefits a substantial and indefinite class of persons who are legitimate subjects of charity; (iv) relieves the government of some of its burden; and (v) operates entirely free from private profit motive. *Hospital Utilization Project*, 487 A.2d 1317.

### UPMC Does Not Satisfy the HUP Test

15. Based upon publicly available information, including but not limited to UPMC's Consolidated Form 990 filed with the Internal Revenue Service for FY 2011, The City believes and, therefore, avers that UPMC fails the HUP test in one or more respects and, therefore, is not an IPPC.

16. Among, but not exhaustive, of the reasons that UPMC fails the HUP test are the following:

   a. It donates at most less than 2% and perhaps less than 1% of net patient revenues (over $5.7 billion) to patients eligible for financial assistance.

   b. Dozens of its operations, divisions, subsidiaries and/or affiliates are both for-profit entities and do not donate any services.

   c. Through massive advertising campaigns, closing of hospitals in poor and poorly served communities and opening others in high income and already well-served areas, and threatening to reject its competitor's insurance coverage, UPMC has exhibited a pronounced anti-competitive, for-profit motive.

   d. In the last two fiscal years, it has generated excess revenues of almost $1 Billion and has reserves in excess of $3 Billion, but has not commensurately increased its charitable activities; rather, it has subsidized its for-profit enterprises.

  e. It pays more than 20 officers, directors and key employees annual compensation of greater than $1 Million; in FY 201I, its CEO alone was paid almost $6 Million.

  f. That same CEO occupies among the most expensive office space in the City of Pittsburgh, enjoys a private chef and dining room, chauffeur, and private jet.

17. Despite not qualifying as an IPPC, UPMC is improperly not paying millions of dollars of payroll taxes based upon billions of dollars of payroll expenses.

18. Pursuant to the Payroll Tax Regulations (§503.b.3), where underpayment of the Payroll Tax is greater than 25% of the amount due, the limitation period for collection is six (6) years.

WHEREFORE, The City respectfully prays for the following relief:

(1) A declaratory judgment that UPMC is not an IPPC exempt from the payment of The City's Payroll Tax.

(2) An order requiring UPMC to file quarterly Payroll Tax returns covering all of its operations beginning from March 31, 2007 to the present.

            Respectfully submitted,

            STRASSBURGER McKENNA GUTNICK
                 & GEFSKY

Date:  May 16, 2013    By:  /s/ E.J. Strassburger
              E. J. Strassburger
              Pa. I.D. No. 10231
              Ronald D. Barber
              Pa. I.D. No. 52734
              Trent A. Echard
              Pa. I.D. No. 206598

              Four Gateway Center, Suite 2200
              444 Liberty Avenue
              Pittsburgh, PA 15222
              T – 412-281-5423
              F – 412-281-8264

CITY OF PITTSBURGH DEPARTMENT
　　OF LAW

Daniel D. Regan, City Solicitor
Pa. I.D. No. 89141
Ronald H. Pferdehirt, Deputy City Solicitor
Pa. I.D. No. 25056
Firm No. 046

313 City-County Building
414 Grant Street
Pittsburgh, PA 15219
T – 412-255-2015
F – 412-255-2285

Counsel for Plaintiff, City of Pittsburgh

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to each of the following:

> William Pietragallo, II, Esquire
> James W. Kraus, Esquire
> Peter S. Wolff, Esquire
> John R. Brumberg, Esquire
> PIETRAGALLO GORDON ALFANO
> BOSICK & RASPANTI, LLC
> One Oxford Centre, 38th Floor
> 301 Grant Street
> Pittsburgh, PA  15219-1407

                    /s/E.J. Strassburger